UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC DEVRIES,<br><br>　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.<br><br>　　　Defendant. | Case No. 1:18-cv-1255<br><br>Hon. |

Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

## COMPLAINT AND JURY DEMAND

Plaintiff Eric DeVries, by and through his counsel, Westbrook Law PLLC, for his Complaint against Defendant Capital One Bank (USA), N.A., states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*, due to Defendant's repeated, unlawful, and abusive collection-related telephone calls unlawfully placed to Plaintiff's cellular telephone number and which caused actual harm to Plaintiff.

2. The TCPA prohibits a person or its agent from using an automatic dialing system or an artificial or prerecorded voice in placing or directing any telephone call to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private right of action and dictates a minimum award of damages in the amount of $500.00 per violation for non-willful violations and $1,500.00 per violation for willful or knowing violations. 47 U.S.C. § 227(b)(3).

3. The MRCPA prohibits a person engaged in collection of a debt from using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously or at unusual times or places which are known to be inconvenient to the debtor. M.C.L. § 445.252(n). The MRCPA provides a private right of action and dictates a minimum award of damages in the amount of $50.00 per violation for non-willful violations and $150.00 per violation for willful violations. M.C.L. § 445.257.

## THE PARTIES

4. Plaintiff Eric DeVries is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the MRPCA.

5. Defendant Capital One Bank (USA), N.A. is a national bank with a principal place of business in McLean, Virginia.

6. Defendant is not a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b) and the MRCPA, M.C.L. § 445.251(b), but rather acted and acts in the State of Michigan to collect debts purportedly owing to it and incurred for personal, family, or household purposes. Defendant is a "regulated person" as that term is defined and used in the MRCPA. M.C.L. § 445.251(g).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8. Venue is appropriate in this Court because the conduct complained of took place within Kent County, Michigan.

## FACTUAL ALLEGATIONS

9. Plaintiff obtained a credit card account from Defendant and made charges on that account for personal and household purposes. Plaintiff's indebtedness on the credit card account was a "debt" as that term is used in the MRCPA.

10. After Plaintiff incurred certain charges on the account, he became unable to make periodic payments on the account when due.

11. Defendant subsequently began attempting to collect the credit card debt from Plaintiff.

12. In January of 2018 or earlier, Defendant began repeatedly directing calls to Plaintiff's cellular telephone number, which ends in 5401 (the "5401 Number"), in attempts to collect the debt from Plaintiff.

13. Plaintiff has telephone and voicemail service to the 5401 Number through cellular provider Xfinity Mobile, which Plaintiff pays for on a monthly basis.

14. Defendant used a prerecorded voice message in numerous calls directed to the 5401 Number and placed by an automatic telephone dialer system.

15. After calling the 5401 Number, Defendant left numerous prerecorded voice messages that were identical, as follows:

3

> Hi, this is Andy from Capital One. We've been trying to reach you about an important personal business matter. Please return this call at 1-800-955-6600. Again, the number is 1-800-955-6600. Thank you.

16. After calling the 5401 Number, Defendant left numerous prerecorded voice message that were identical, as follows:

> Hi, this is Linda. We would like to discuss solutions regarding an important business matter at Capital One. Please call us back today at 1-866-953-7906.

17. Defendant used a prerecorded voice message in at least 27 calls directed to the 5401 Number in the month of May 2018.

18. Defendant used a prerecorded voice message in at least 17 calls directed to the 5401 Number between June 1 and June 25, 2018.

19. On June 25, 2018, Plaintiff telephoned Defendant at (866) 953-7906 in an attempt to negotiate a resolution of the debt and to communicate to Defendant Plaintiff's demand that Defendant cease making automated calls to the 5401 Number.

20. The number Plaintiff dialed to initiate the June 25, 2018 call was the same number, (866) 953-7906, referenced in many of Defendant's prerecorded voicemail messages as the correct telephone number at which to contact Defendant.

21. During the June 25, 2018 call, Plaintiff explicitly told Defendant's employee, "**this number is my cell phone, I can't be having any more calls.**"

22. In response, Defendant's employee offered to "cease and desist your account," meaning "cease all contact with you, email and phone," but denied that the automated calls from Defendant could be "put on hold without an arrangement," meaning a payment arrangement on the account.

4

23. Defendant's employee's statement that Defendant's automated calls to Plaintiff's cellular phone could not be stopped absent a payment arrangement was false and misleading.

24. Plaintiff replied, "**I'm stating: don't call this number anymore. Not your automated, you know, messages or anything like that**."

25. Defendant's employee then asked which number Plaintiff wanted removed from future calls from Defendant and Plaintiff provided the 5401 Number. At that moment reviewing Defendant's electronic records for Plaintiff's account, Defendant's employee replied, "that's the only number we have on file," before repeating his suggestion that Plaintiff request to "cease and desist this account, like I said, where we cease all contact with you."

26. Because Plaintiff still wished to negotiate a resolution of the debt, Plaintiff was unwilling to render further negotiation impossible by having all communication between himself and Defendant cease. Plaintiff explained this to Defendant's employee during the call.

27. Plaintiff reiterated: "**I'm saying, no more calls. This is a cell phone**."

28. Defendant's employee again stated that "without me being able to put an arrangement in the account," meaning a payment arrangement, "I can't put the calls on hold."

29. Plaintiff again reiterated: "**That number, [the 5401 Number], is my cell phone number. Capital One should not be calling it … no more calls**."

30. After repeating that Plaintiff was required to request a "cease and desist" of all written and other contact, which would render any effort to negotiate a resolution of the debt impossible, Defendant's employee paraphrased Plaintiff's request, stating, "you want us to stop calling," implying that to make Defendant's automated calls stop, Plaintiff was required either to agree to pay Defendant, or demand that Defendant stop every form of communication with Plaintiff.

5

31. In response to Defendant's statement, "you want us to stop calling," Plaintiff replied, "**yeah, like the automated robocalls, and the voicemails, and all that stuff.**"

32. Later in the conversation, Plaintiff once again demanded, "**no more robocalls, and no more, you know, voicemails.**"

33. Defendant received Plaintiff's demand that the automated calls from Defendant to Plaintiff's cellular phone number be stopped.

34. Defendant's employee received and understood Plaintiff's demand that the automated calls from Defendant to Plaintiff's cellular phone number be stopped.

35. Defendant never communicated to Plaintiff that his requests that Defendant's automated calls to Plaintiff's cellular phone be stopped needed to be communicated to a different employee or department. Defendant instead communicated to Plaintiff that such calls could only be stopped if he made an "arrangement" to pay off the debt or demanded that Defendant cease communicating with Plaintiff by each and every possible means.

36. To the extent Plaintiff had ever provided his consent to Defendant to place automated calls and messages to his cellular phone number, he unequivocally and clearly revoked such consent by not later than June 25, 2018.

37. Any consent by Plaintiff to receive automated calls and messages to his cellular phone number from Defendant was revoked by a reasonable means on or before June 25, 2018.

38. Plaintiff never gave Defendant his consent to place automated calls or messages to his cellular phone number at any time during or after the June 25, 2018 call.

39. Between June 26 and June 30 of 2018, Defendant used a prerecorded message in at least six (6) automated calls directed to the 5401 Number.

40. In July of 2018, Defendant used a prerecorded message in at least 30 automated calls directed to the 5401 Number.

41. On August 2, 2018, Defendant called the 5401 Number using an automatic dialer. When Plaintiff answered the call, there was silence on the line and a delay before Defendant's employee spoke. Such delay is characteristic of use of an automatic telephone dialer system.

42. During the August 2, 2018 call, Defendant's employee spoke with Plaintiff regarding the debt. During this call, Plaintiff asked if any notation was present in Defendant's file indicating that his phone number was a cellular phone. Defendant's employee responded, "again, we're on an automatic dialer … we have been trying to get ahold of you, sir."

43. During the August 2, 2018 call, Plaintiff again demanded that the automated calls and messages to his cellular number from Defendant cease.

44. In August of 2018, Defendant used a prerecorded message in at least 30 automated calls directed to the 5401 Number.

45. In September of 2018, Defendant used a prerecorded message in at least 12 automated calls directed to the 5401 Number.

46. After Plaintiff's unequivocal demand that Defendant cease the automated calls to his cellular phone on June 25, 2018, Defendant used a prerecorded message in at least 78 automated calls directed to the 5401 Number.

47. Each of the automated calls Defendant directed to the 5401 Number was in connection with an attempt by Defendant to collect a debt from Plaintiff.

48. Each of the voicemails Defendant directed to the 5401 Number featured a prerecorded voice and identical message.

49. Each of the calls Defendant directed to the 5401 Number, including the August 2, 2018 call during which Defendant's employee acknowledged the automated nature of the calls Plaintiff was receiving, was placed using an automatic telephone dialing system.

50. By not later than June 26, 2018, each of Defendant's automated calls placed to the 5401 Number was a violation of the TCPA's prohibition of calls to cellular numbers "using any automatic telephone dialing system or an artificial or prerecorded voice." 45 U.S.C. § 227(b)(1)(A).

51. Each of Defendant's automated calls directed to the 5401 Number after June 25, 2018 was a willful violation of the TCPA.

52. Each of Defendant's automated calls directed to the 5401 Number after June 25, 2018 violated the prohibition in the MRCPA of using a "harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring … repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor." M.C.L. § 445.252(n).

53. Defendant's repeated, automated calls directed to the 5401 Number caused Plaintiff substantial annoyance and distraction and interfered with Plaintiff's use of his telephone equipment and telephone line.

54. Defendant's repeated, prerecorded voicemail messages left after placement of calls directed to the 5401 Number occupied and cluttered the limited space allotted to Plaintiff in his voicemail inbox, rendering Plaintiff's use of his voicemail service cumbersome, inconvenient, and otherwise time-consuming.

55. Defendant's prerecorded voicemail calls to Plaintiff's cellular phone number, including the over 78 such calls made after June 25, 2018, were so numerous as to completely fill Plaintiff's allotted voicemail storage and render it impossible for Plaintiff to receive additional

8

voicemails on one or more occasions until Plaintiff took affirmative steps to delete Defendant's voicemail messages.

56. Defendant's automated calls directed to the 5401 Number caused Plaintiff substantial annoyance, stress, distraction, inconvenience, embarrassment, and wasted time.

### COUNT I – TCPA, 45 U.S.C. § 227(b)(1)

57. Plaintiff incorporates the preceding paragraphs herein by reference.

58. Defendant violated the TCPA at least 78 times by directing automated calls to Plaintiff's cellular phone number.

59. Defendant's TCPA violations were willful and/or knowing.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

   a. An injunction prohibiting Defendant from placing automated calls and calls using prerecorded messages to Plaintiff's cellular phone number in violation of the TCPA pursuant to 47 U.S.C. § 277(b)(3)(A);

   b. Statutory damages pursuant to 47 U.S.C. § 277(b)(3)(B) and treble damages; and

   c. Such further relief as the Court deems just and proper.

### COUNT II – MRCPA, M.C.L. § 445.257

60. Plaintiff incorporates the preceding paragraphs herein by reference.

61. Because of their frequency and persistence, Defendant's collection-related automated calls to Plaintiff after June 25, 2018 were harassing, oppressive, and abusive and violated the MRCPA.

62. Defendant's violations of the MRCPA were willful.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

a. Treble actual and statutory damages pursuant to M.C.L. § 445.257;

b. Statutory costs and reasonable attorney fees pursuant to M.C.L. § 445.257; and

c. Such further relief as the Court deems just and proper.

                          Respectfully submitted,

Dated: November 7, 2018            /s/ Theodore J. Westbrook
                                        Theodore J. Westbrook
                                        **Westbrook Law PLLC**
                                        Attorney for Plaintiff
                                        6140 28th St. SE, Suite 115
                                        Grand Rapids, MI 49546
                                        twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Eric DeVries, by and through his counsel, hereby demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

Dated: November 7, 2018

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net