IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DEVRIES,

      Plaintiff,                          Case No. 1:18-cv-01255-JTN-ESC

v.                                          Hon. Janet T. Neff

CAPITAL ONE BANK (USA), N.A.        Magistrate Judge Ellen S. Carmody

      Defendant.

_____/

**ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Capital One Bank (USA), N.A., ("Capital One"), now answers the Complaint filed by plaintiff Eric DeVries ("Plaintiff") as follows:

Except as expressly admitted or qualified below, Capital One denies each and every allegation of the Complaint.

**INTRODUCTION**

1.      Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*, due to Defendant's repeated, unlawful, and abusive collection-related telephone calls unlawfully placed to Plaintiff's cellular telephone number and which caused actual harm to Plaintiff.

**ANSWER:**    Capital One admits that Plaintiff purports to allege violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.* Capital One denies it violated the TCPA or the MRCPA and denies the remaining allegations in paragraph 1 of the Complaint.

2.      The TCPA prohibits a person or its agent from using an automatic dialing system or an artificial or prerecorded voice in placing or directing any telephone call to any

telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private right of action and dictates a minimum award of damages in the amount of $500.00 per violation for non-willful violations and $1,500.00 per violation for willful or knowing violations. 47 U.S.C. § 227(b)(3).

**ANSWER:**   Capital One believes that the allegations in paragraph 2 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies that paragraph 2 accurately reflects the TCPA's requirements and therefore denies the allegations in paragraph 2.

3.      The MRCPA prohibits a person engaged in collection of a debt from using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously or at unusual times or places which are known to be inconvenient to the debtor. M.C.L. § 445.252(n). The MRCPA provides a private right of action and dictates a minimum award of damages in the amount of $50.00 per violation for non-willful violations and $150.00 per violation for willful violations. M.C.L. § 445.257.

**ANSWER:**   Capital One believes that the allegations in paragraph 3 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One admits that the MRCPA speaks for itself. To the extent that the allegations in paragraph 3 are intended to stand for additional propositions, they are denied.

### THE PARTIES

4.      Plaintiff Eric DeVries is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the MRPCA.

**ANSWER:**   Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and therefore denies the allegations.

5.      Defendant Capital One Bank (USA), N.A. is a national bank with a principal place of business in McLean, Virginia.

2

**ANSWER:**   Capital One admits that it is a national banking association with its main office in Glen Allen, Virginia. Capital One denies the remaining allegations in paragraph 5 of the Complaint.

6.     Defendant is not a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b) and the MRCPA, M.C.L. § 445.251(b), but rather acted and acts in the State of Michigan to collect debts purportedly owing to it and incurred for personal, family, or household purposes. Defendant is a "regulated person" as that term is defined and used in the MRCPA. M.C.L. § 445.251(g).

**ANSWER:**   Capital One believes that the allegations in paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One admits that it is not a "collection agency" as that term is defined by the Michigan Occupational Code, M.C.L. § 339.901(b) and the MRCPA, M.C.L. § 445.251 (b). Capital One admits that the MRCPA, M.C.L. § 445.251(g) speaks for itself. To the extent that the allegations are intended to stand for additional propositions, they are denied. To the extent that the remaining allegations in paragraph 6 are intended to stand for additional propositions, they are denied.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

**ANSWER:**   Capital One admits that jurisdiction in this Court is proper, except that Capital One denies that Plaintiff has Article III standing under the United States Constitution. Capital One denies any remaining allegations in paragraph 7 of the Complaint.

8.     Venue is appropriate in this Court because the conduct complained of took place within Kent County, Michigan.

**ANSWER:**   Capital One admits that it does not dispute venue is proper in this District. Capital One denies the remaining allegations in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.      Plaintiff obtained a credit card account from Defendant and made charges on that account for personal and household purposes. Plaintiff's indebtedness on the credit card account was a "debt" as that term is used in the MRCPA.

**ANSWER:**   Capital One admits that Plaintiff has a Capital One credit card account. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and therefore denies the allegations.

10.      After Plaintiff incurred certain charges on the account, he became unable to make periodic payments on the account when due.

**ANSWER:**   Capital One admits that Plaintiff's Capital One credit card account became past due. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and therefore denies the allegations.

11.      Defendant subsequently began attempting to collect the credit card debt from Plaintiff.

**ANSWER:**   Capital One admits that it attempted to contact Plaintiff to make payment arrangements on his past-due Capital One credit card account. Capital One denies the remaining allegations in paragraph 11 of the Complaint.

12.      In January of 2018 or earlier, Defendant began repeatedly directing calls to Plaintiff's cellular telephone number, which ends in 5401 (the "5401 Number"), in attempts to collect the debt from Plaintiff.

**ANSWER:**   Capital One admits that it attempted to contact Plaintiff by telephone, at the telephone number alleged ending -5401, to make payment arrangements on his past-due Capital One credit card account. Capital One lacks knowledge or information sufficient

4

to form a belief as to the truth of the allegation that the telephone number is assigned to a cellular telephone owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies the remaining allegations in paragraph 12 of the Complaint.

13.     Plaintiff has telephone and voicemail service to the 5401 Number through cellular provider Xfinity Mobile, which Plaintiff pays for on a monthly basis.

**ANSWER:**   Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies them.

14.     Defendant used a prerecorded voice message in numerous calls directed to the 5401 Number and placed by an automatic telephone dialer system.

**ANSWER:**   Capital One admits that, on occasion, it left prerecorded messages at the telephone number ending -5401. Capital One denies its calls violated the law. The remaining allegations in paragraph 14 of the Complaint constitute a legal conclusion that requires no response. To the extent that a response is required, Capital One denies the allegation.

15.     After calling the 5401 Number, Defendant left numerous prerecorded voice messages that were identical, as follows:

> Hi, this is Andy from Capital One. We've been trying to reach you about an important personal business matter. Please return this call at 1-800-955-6600. Again, the number is 1-800-955-6600. Thank you.

**ANSWER:**   Capital One admits that, on occasion, it left prerecorded messages at the telephone number ending -5401. Capital One denies its calls violated the law. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and therefore denies the allegations.

16.     After calling the 5401 Number, Defendant left numerous prerecorded voice message that were identical, as follows:

Hi, this is Linda. We would like to discuss solutions regarding an important business matter at Capital One. Please call us back today at 1-866-953-7906.

**ANSWER:**   Capital One admits that, on occasion, it left prerecorded messages at the telephone number ending -5401. Capital One denies its calls violated the law. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and therefore denies the allegations.

17.    Defendant used a prerecorded voice message in at least 27 calls directed to the 5401 Number in the month of May 2018.

**ANSWER:**   Capital One admits that it left 27 prerecorded messages at the telephone number ending -5401 in May 2018. Capital One denies its calls violated the law.

18.    Defendant used a prerecorded voice message in at least 17 calls directed to the 5401 Number between June 1 and June 25, 2018.

**ANSWER:**   Capital One admits that it left at least 17 prerecorded messages at the telephone number ending -5401 between June 1 and June 25, 2018. Capital One denies its calls violated the law.

19.    On June 25, 2018, Plaintiff telephoned Defendant at (866) 953-7906 in an attempt to negotiate a resolution of the debt and to communicate to Defendant Plaintiff's demand that Defendant cease making automated calls to the 5401 Number.

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One admits that (866) 953-7906 is a telephone number assigned to it. Capital One lacks sufficient knowledge or information to form a belief as to what telephone number Plaintiff called in to Capital One and therefore denies the allegations. Capital One lacks sufficient knowledge or information to form a belief as to

whether the telephone number alleged ending -5401 corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

20.     The number Plaintiff dialed to initiate the June 25, 2018 call was the same number, (866) 953-7906, referenced in many of Defendant's prerecorded voicemail messages as the correct telephone number at which to contact Defendant.

**ANSWER:**   Capital One admits that (866) 953-7906 is a telephone number assigned to it. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore denies the allegations.

21.     During the June 25, 2018 call, Plaintiff explicitly told Defendant's employee, **"this number is my cell phone, I can't be having any more calls."**

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording.  Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

22.     In response, Defendant's employee offered to "cease and desist your account," meaning "cease all contact with you, email and phone," but denied that the automated calls from Defendant could be "put on hold without an arrangement," meaning a payment arrangement on the account.

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording.  Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

23.    Defendant's employee's statement that Defendant's automated calls to Plaintiff's cellular phone could not be stopped absent a payment arrangement was false and misleading.

**ANSWER:**    Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

24.    Plaintiff replied, **"I'm stating: don't call this number anymore. Not your automated, you know, messages or anything like that."**

**ANSWER:**    Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

25.    Defendant's employee then asked which number Plaintiff wanted removed from future calls from Defendant and Plaintiff provided the 5401 Number. At that moment reviewing Defendant's electronic records for Plaintiff's account, Defendant's employee replied, "that's the only number we have on file," before repeating his suggestion that Plaintiff request to "cease and desist this account, like I said, where we cease all contact with you."

**ANSWER:**    Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

26. Because Plaintiff still wished to negotiate a resolution of the debt, Plaintiff was unwilling to render further negotiation impossible by having all communication between himself and Defendant cease. Plaintiff explained this to Defendant's employee during the call.

**ANSWER:** Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 26 and therefore denies them.

27. Plaintiff reiterated: **"I'm saying, no more calls. This is a cell phone."**

**ANSWER:** Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

28. Defendant's employee again stated that "without me being able to put an arrangement in the account," meaning a payment arrangement, "I can't put the calls on hold."

**ANSWER:** Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

29. Plaintiff again reiterated: **"That number, [the 5401 Number], is my cell phone number. Capital One should not be calling it ... no more calls."**

**ANSWER:** Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations

inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

30.     After repeating that Plaintiff was required to request a "cease and desist" of all written and other contact, which would render any effort to negotiate a resolution of the debt impossible, Defendant's employee paraphrased Plaintiff's request, stating, "you want us to stop calling," implying that to make Defendant's automated calls stop, Plaintiff was required either to agree to pay Defendant, or demand that Defendant stop every form of communication with Plaintiff.

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies any remaining allegations in paragraph 30.

31.     In response to Defendant's statement, "you want us to stop calling," Plaintiff replied, **"yeah, like the automated robocalls, and the voicemails, and all that stuff."**

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording and denies any remaining allegations in paragraph 31.

32.     Later in the conversation, Plaintiff once again demanded, "no more robocalls, and no more, you know, voicemails."

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording and denies any remaining allegations in paragraph 32.

33.     Defendant received Plaintiff's demand that the automated calls from Defendant to Plaintiff's cellular phone number be stopped.

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation.

34.     Defendant's employee received and understood Plaintiff's demand that the automated calls from Defendant to Plaintiff's cellular phone number be stopped.

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation and denies any remaining allegations in paragraph 34.

35.     Defendant never communicated to Plaintiff that his requests that Defendant's automated calls to Plaintiff's cellular phone be stopped needed to be communicated to a different employee or department. Defendant instead communicated to Plaintiff that such calls could only be stopped if he made an "arrangement" to pay off the debt or demanded that Defendant cease communicating with Plaintiff by each and every possible means.

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone

number owned or regularly used by Plaintiff and therefore denies the allegation and denies any remaining allegations in paragraph 35.

36. To the extent Plaintiff had ever provided his consent to Defendant to place automated calls and messages to his cellular phone number, he unequivocally and clearly revoked such consent by not later than June 25, 2018.

**ANSWER:** Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies the remaining allegations in paragraph 36.

37. Any consent by Plaintiff to receive automated calls and messages to his cellular phone number from Defendant was revoked by a reasonable means on or before June 25, 2018.

**ANSWER:** Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies the remaining allegations in paragraph 37.

38. Plaintiff never gave Defendant his consent to place automated calls or messages to his cellular phone number at any time during or after the June 25, 2018 call.

**ANSWER:** Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to

form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One continues to research the truth of the allegations as to what occurred after June 25, 2018 and therefore denies the allegations.

39.     Between June 26 and June 30 of 2018, Defendant used a prerecorded message in at least six (6) automated calls directed to the 5401 Number.

**ANSWER:**   Capital One denies the allegations in paragraph 39 of the Complaint.

40.     In July of 2018, Defendant used a prerecorded message in at least 30 automated calls directed to the 5401 Number.

**ANSWER:**   Capital One denies the allegations in paragraph 40 of the Complaint.

41.     On August 2, 2018, Defendant called the 5401 Number using an automatic dialer. When Plaintiff answered the call, there was silence on the line and a delay before Defendant's employee spoke. Such delay is characteristic of use of an automatic telephone dialer system.

**ANSWER:**   Capital One admits that it attempted to contact Plaintiff by telephone, at the telephone number alleged ending -5401, on August 2, 2018. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One lacks sufficient knowledge or information to form a belief as to what Plaintiff may have experienced when answering any telephone calls and therefore denies the allegation. Capital One continues to research the truth of the allegations in paragraph 41 of the Complaint as to what, if anything, was said during the August 2, 2018 call and therefore denies the allegations. The remaining allegations in paragraph 41 constitute a legal conclusion to which no response is required. To the extent

that a response is required, Capital One denies the allegations. Capital One denies its call violated the law.

42.     During the August 2, 2018 call, Defendant's employee spoke with Plaintiff regarding the debt. During this call, Plaintiff asked if any notation was present in Defendant's file indicating that his phone number was a cellular phone. Defendant's employee responded, "again, we're on an automatic dialer ... we have been trying to get ahold of you, sir."

**ANSWER:**   Capital One continues to research the truth of the allegations in paragraph 42 of the Complaint and therefore denies them.

43.     During the August 2, 2018 call, Plaintiff again demanded that the automated calls and messages to his cellular number from Defendant cease.

**ANSWER:**   Capital One continues to research the truth of the allegations in paragraph 43 of the Complaint and therefore denies them.

44.     In August of 2018, Defendant used a prerecorded message in at least 30 automated calls directed to the 5401 Number.

**ANSWER:**   Capital One denies the allegations in paragraph 44 of the Complaint.

45.     In September of 2018, Defendant used a prerecorded message in at least 12 automated calls directed to the 5401 Number.

**ANSWER:**   Capital One admits that it left at least 12 prerecorded messages at the telephone number ending -5401 in September 2018. Capital One denies its calls violated the law. The remaining allegations in paragraph 45 of the Complaint constitute a legal conclusion that requires no response. To the extent that a response is required, Capital One denies the allegations.

46.     After Plaintiff's unequivocal demand that Defendant cease the automated calls to his cellular phone on June 25, 2018, Defendant used a prerecorded message in at least 78 automated calls directed to the 5401 Number.

**ANSWER:**   Capital One admits that Plaintiff called Capital One on June 25, 2018 and that the recording of that conversation speaks for itself. Capital One denies allegations inconsistent with that recording. Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One denies it left at least 78 prerecorded messages at the telephone number ending -5401 after June 25, 2018.

47.    Each of the automated calls Defendant directed to the 5401 Number was in connection with an attempt by Defendant to collect a debt from Plaintiff.

**ANSWER:**   Capital One admits that it attempted to contact Plaintiff by telephone, at the telephone number alleged ending -5401, to make payment arrangements on his past-due Capital One credit card account. It is unclear what Plaintiff means by the use of the phrase "collect a debt" and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations. In light of this fact, Capital One denies the allegations. The remaining allegations in paragraph 47 of the Complaint constitutes a legal conclusion that requires no response. To the extent that a response is required, Capital One denies the allegations.

48.    Each of the voicemails Defendant directed to the 5401 Number featured a prerecorded voice and identical message.

**ANSWER:**   Capital One denies the allegations in paragraph 48 of the Complaint.

49.    Each of the calls Defendant directed to the 5401 Number, including the August 2, 2018 call during which Defendant's employee acknowledged the automated nature of the calls Plaintiff was receiving, was placed using an automatic telephone dialing system.

**ANSWER:**   Capital One admits that it attempted to contact Plaintiff by telephone, at the telephone number alleged ending -5401, on August 2, 2018. Capital One continues to research the truth of the allegations in paragraph 49 of the Complaint as to what, if anything, was said during the August 2, 2018 call and therefore denies the allegations. The remaining allegations in paragraph 49 constitute a legal conclusion to which no response is required. To the extent that a response is required, Capital One denies the allegations.

50.     By not later than June 26, 2018, each of Defendant's automated calls placed to the 5401 Number was a violation of the TCPA's prohibition of calls to cellular numbers "using any automatic telephone dialing system or an artificial or prerecorded voice." 45 U.S.C. § 227(b)(1)(A).

**ANSWER:**   Capital One lacks sufficient knowledge or information to form a belief as to whether the telephone number alleged corresponds to a cellular phone number owned or regularly used by Plaintiff and therefore denies the allegation. Capital One admits that paragraph 50 of the Complaint quotes and cites a portion of the TCPA, which speaks for itself. Capital One denies the remaining allegations in Paragraph 50.

51.     Each of Defendant's automated calls directed to the 5401 Number after June 25, 2018 was a willful violation of the TCPA.

**ANSWER:**   Capital One denies the allegations in paragraph 51 of the Complaint.

52.     Each of Defendant's automated calls directed to the 5401 Number after June 25, 2018 violated the prohibition in the MRCPA of using a "harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring ... repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor." M.C.L. § 445.252(n).

**ANSWER:**   Capital One denies the allegations in paragraph 52 of the Complaint.

53.     Defendant's repeated, automated calls directed to the 5401 Number caused Plaintiff substantial annoyance and distraction and interfered with Plaintiff's use of his telephone equipment and telephone line.

**ANSWER:**   Capital One denies the allegations in paragraph 53 of the Complaint.

54.     Defendant's repeated, prerecorded voicemail messages left after placement of calls directed to the 5401 Number occupied and cluttered the limited space allotted to Plaintiff in his voicemail inbox, rendering Plaintiff's use of his voicemail service cumbersome, inconvenient, and otherwise time-consuming.

**ANSWER:**   Capital One denies the allegations in paragraph 54 of the Complaint.

55.     Defendant's prerecorded voicemail calls to Plaintiff's cellular phone number, including the over 78 such calls made after June 25, 2018, were so numerous as to completely fill Plaintiff's allotted voicemail storage and render it impossible for Plaintiff to receive additional voicemails on one or more occasions until Plaintiff took affirmative steps to delete Defendant's voicemail messages.

**ANSWER:**   Capital One denies the allegations in paragraph 55 of the Complaint.

56.     Defendant's automated calls directed to the 5401 Number caused Plaintiff substantial annoyance, stress, distraction, inconvenience, embarrassment, and wasted time.

**ANSWER:**   Capital One denies the allegations in paragraph 56 of the Complaint.

### COUNT I – TCPA, 45 U.S.C. § 227(b)(1)

57.     Plaintiff incorporates the preceding paragraphs herein by reference.

**ANSWER:**   Capital One incorporates the preceding answers herein by reference.

58.     Defendant violated the TCPA at least 78 times by directing automated calls to Plaintiff's cellular phone number.

**ANSWER:**   Capital One denies the allegations in paragraph 58 of the Complaint.

59.     Defendant's TCPA violations were willful and/or knowing.

**ANSWER:**   Capital One denies the allegations in paragraph 59 of the Complaint.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

a.     An injunction prohibiting Defendant from placing automated calls and calls using prerecorded messages to Plaintiff's cellular phone number in violation of the TCPA pursuant to 47 U.S.C. § 277(b)(3)(A);

     b.      Statutory damages pursuant to 47 U.S.C. § 277(b)(3)(B) and treble damages; and

     c.      Such further relief as the Court deems just and proper.

**ANSWER:**   Capital One denies the allegations in the WHEREFORE paragraph immediately following paragraph 59 of the Complaint, including subparts (a) through (c). Capital One further denies that Plaintiff is entitled to the relief sought in the WHEREFORE paragraph immediately following paragraph 59 of the Complaint, including subparts (a) through (c).

### COUNT II – MRCPA, M.C.L. § 445.257

60.    Plaintiff incorporates the preceding paragraphs herein by reference.

**ANSWER:**   Capital One incorporates the preceding answers herein by reference.

61.    Because of their frequency and persistence, Defendant's collection-related automated calls to Plaintiff after June 25, 2018 were harassing, oppressive, and abusive and violated the MRCPA.

**ANSWER:**   Capital One denies the allegations in paragraph 61 of the Complaint.

62.    Defendant's violations of the MRCPA were willful.

**ANSWER:**   Capital One denies the allegations in paragraph 62 of the Complaint.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

     a.      Treble actual and statutory damages pursuant to M.C.L. § 445.257;

     b.      Statutory costs and reasonable attorney fees pursuant to M.C.L. § 445.257; and

     c.      Such further relief as the Court deems just and proper.

**ANSWER:**   Capital One denies the allegations in the WHEREFORE paragraph immediately following paragraph 62 of the Complaint, including subparts (a) through (c).

Capital One further denies that Plaintiff is entitled to the relief sought in the WHEREFORE paragraph immediately following paragraph 62 of the Complaint, including subparts (a) through (c).

## JURY DEMAND

Capital One admits only that Plaintiff requests a trial by jury.

## RESERVATION OF RIGHTS

Capital One reserves the right to seek to supplement and/or amend this Answer at the completion of factual discovery or as otherwise permitted by the Court and Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendant Capital One alleges the following:

### First Affirmative Defense: Consent

1.    The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given his consent.

2.    A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3.    Plaintiff provided his cellular telephone number to Capital One in connection with his Capital One credit card account, which constitutes consent to be called, and his customer agreement also include non-revocable consent to be called. Thus, his claims are barred.

**Second Affirmative Defense: Constitutionality of Statutory Damages**

4.     Capital One incorporates by reference the foregoing allegations in its Affirmative Defenses.

5.     The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

6.     Deleting a voicemail or noticing a missed call costs nothing and takes no more than a few seconds.

7.     For most cellular telephone subscribers, listening to and deleting a voice message costs nothing.

8.     In light of this, Plaintiff's claim for statutory damages is disproportionate to the conduct alleged, constitutes an excessive fine, and violates Capital One's due process rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**Third Affirmative Defense: Offset**

9.     Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

10.     Plaintiff has an account with Capital One upon which he owes.

11.     Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Plaintiff to Capital One at the time any judgment is entered.

**Fourth Affirmative Defense: Lack of Standing**

12.     Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

13.     To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that he is in the zone of interests the TCPA is intended to protect.

14.     To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, or suffered any cognizable nonpecuniary harm as a result of the conduct alleged, and is not in the zone of interests protected by the TCPA because on information and belief he sought to create an alleged TCPA claim and seek additional calls, Plaintiff lacks standing.

### Fifth Affirmative Defense: Bona Fide Error

15.     Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses

16.     Capital One has adopted and maintains policies and procedures to ensure it complies with Michigan state law, and other law, in seeking payment on a customer's past-due account.

17.     If Capital One violated Michigan state law in its calls to Plaintiff, which it denies, that violation was not intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### Sixth Defense: Failure to Mitigate

18.     Capital One incorporates by reference the foregoing allegations of its Defenses.

19.     Capital One continues to research whether Plaintiff asked for calls to cease as alleged.

20. Plaintiff failed to make contractually required payments on his Capital One credit card account, which is why Capital One attempted to reach him by telephone.

21. Plaintiff refused to agree to a cease-and-desist status on his Capital One credit card account.

22. Had Plaintiff made a payment or agreed to a cease-and-desist status, Capital One's calls would have stopped.

23. Plaintiff failed to mitigate his damages.

**WHEREFORE,** Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

c. Grant Capital One any such further relief to which it may be entitled.


Dated: December 18, 2018

/s/ Erin L. Hoffman
Erin L. Hoffman
MN Bar No. 0387835
Attorney for Defendant
  Capital One Bank (USA), N.A.
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
erin.hoffman@FaegreBD.com