UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC DEVRIES,<br><br>          Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.<br><br>          Defendant. | Case No. 1:18-cv-1255<br><br>Hon. Janet T. Neff |

## JOINT STATUS REPORT

<u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

   28 U.S.C. §§ 1331 and 1367, and 47 U.S.C. § 227.

2.   <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3.   <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4.   <u>Statement of the Case</u>: This case involves:

   *Plaintiff's Statement*:

   Defendant Capital One Bank (USA), N.A. violated the Telephone Consumer Protection Act, 447 U.S.C. § 227 ("TCPA") by repeatedly dialing Plaintiff Eric DeVries's cellular telephone using automated dialers and prerecorded voices. Attempting to collect a consumer debt from DeVries, Capital One placed dozens of these calls after DeVries unequivocally instructed Capital One to stop doing so. Each such call, which caused annoyance and interference with DeVries's use of his telephone equipment and service, was a willful violation of the TCPA giving rise to statutory damages.

   Capital One has admitted it placed many offending calls, that it used automated equipment in doing so, and that it used prerecorded messages. Few fact questions remain to be resolved in this case. Capital One's affirmative defenses are deficient as a matter of law, including its affirmative defense that DeVries provided "non-revocable" consent for the offending calls. The FTC and courts have rejected similar

defenses. Further, there is no "bona fide error" defense available for any claim asserted by DeVries in this action.

*Defendant's Statement*:

Defendant Capital One denies that it violated the TCPA and denies that it is liable to Plaintiff. Capital One admits it placed calls to Plaintiff but denies those calls violated the law. Capital One also denies that used or admitted it used technology that meets the definition of an automatic telephone dialing system under the TCPA. Capital One believes its affirmative defenses are valid and notes that the Second Circuit Court of Appeals, as well as various other district courts around the country have concluded that consent given in a contract, as it was here, is non-revocable. Finally, Capital One believes that to the extent Plaintiff sought to create a TCPA claim, he is not in the zone of interests protected by the statute and thus does not have standing.

5. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

Settlement has not been discussed by the parties to date.

6. <u>Pendent State Claims</u>: This case includes pendent state claims under the Michigan Regulation of Collection Practices Act, M.C.L. §§ 445.252 and 445.257.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by January 30, 2019.

8. <u>Disclosures and Exchanges</u>:

(a) Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

From Plaintiff to Defendant: February 8, 2019

From Defendant to Plaintiff: February 8, 2019

(b) The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by February 22, 2019. Defendant expects to be able to furnish the names of defendant's expert witness(es) by March 25, 2019.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

From Plaintiff to Defendant: March 25, 2019

From Defendant to Plaintiff: April 24, 2019

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

From Plaintiff to Defendant by February 8, 2019: Rule 26(a)(1) Disclosures

From Defendant to Plaintiff by February 8, 2019: Rule 26(a)(1) Disclosures

9.  Discovery: The parties believe that all discovery proceedings can be completed by May 9, 2019. The parties recommend the following discovery plan:

General discovery will be needed as to the allegations of the Complaint and the number and timing of the calls forming the basis for the Complaint. The parties do not believe it necessary to limit, focus, or stage discovery at this time regarding any specific issues, apart from presumptive limitations set forth in the Federal Rules. The parties do not believe it is necessary to modify the presumptive limitations set for deposition length by Rule 30(d)(1).

10.  Disclosure or Discovery of Electronically Stored Information: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties are not presently aware of specific electronically stored information that may be exchanged in this case; however, to the extent production of such information is required, the parties believe production in a reasonably usable format (e.g., PDF format) will generally be adequate.

11.  Assertion of Claims of Privilege or Work-Product Immunity After Production:

The parties have not agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.

12.  Motions: The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this court's website, www.miwd.uscourts.gov.

The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiff: Motion for partial judgment on the pleadings pursuant to Rule 12(c); motion for summary disposition pursuant to Rule 56.

Defendant: Motion for summary judgment pursuant to Rule 56.

The parties anticipate that all pre-motion conference requests will be filed on or before May 23, 2019.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

>The parties believe discovery may be necessary before conducting alternative dispute resolution and suggest that alternative dispute resolution take place in near the close of discovery in April or May 2019.

>The parties recommend that this case be submitted to the following method of alternative dispute resolution: L. Civ. R. 16.8 settlement conference.

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately 2 days total, allocated as follows: 1 day for Plaintiff's case, 1 day for Defendant's case, 0 days for other parties.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16. <u>Other</u>: Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case: none.

                                                Respectfully submitted,

Dated: January 7, 2019                <u>/s/ Theodore J. Westbrook</u>
                                                Theodore J. Westbrook
                                                 **Westbrook Law PLLC**
                                                 Attorney for Plaintiff
                                                 6140 28th St. SE, Suite 115
                                                 Grand Rapids, MI 49546
                                                 (616) 288-9548
                                                 twestbrook@westbrook-law.net

Dated: January 7, 2019                <u>/s/ Erin L. Hoffman (with permission)</u>
                                                 Erin L. Hoffman
                                                 **Faegre Baker Daniels LLP**
                                                 Attorneys for Defendant
                                                 2200 Wells Fargo Center

                90 South Seventh Street
                Minneapolis, MN 55402
                (616) 766-7000
                erin.hoffman@FaegreBD.com